# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
# DIVISION ONE

STATE OF WASHINGTON,

               Respondent,

      v.

TRAVIS JOHN TOMCZAK,

               Appellant.

No. 80695-5-I

ORDER DENYING MOTION
FOR RECONSIDERATION
AND WITHDRAWING AND
SUBSTITUTING OPINION

The appellant, Travis Tomczak, has filed a motion for reconsideration of the opinion filed on March 1, 2021. The State of Washington has filed a response to the motion. The court has determined that the motion should be denied, but the opinion should be withdrawn and a substitute opinion filed; now, therefore, it is hereby

ORDERED that the motion for reconsideration is denied; and it is further

ORDERED that the opinion filed on March 1, 2021 is withdrawn; and it is further

ORDERED that a substitute unpublished opinion shall be filed.

_Appelwick, J._

_Coburn, J._          _Smith, J._

APPELWICK, J. — Tomczak appeals his convictions for attempting to elude a police vehicle, obstructing a law enforcement officer, and driving with a suspended license. He argues that the jury instructions were constitutionally deficient because they permitted the jury to convict him based on constructive rather than actual knowledge. We affirm but remand for resentencing in light of State v. Blake, ___ Wn.2d ___, 481 P.3d 521, 534 (2021).

## FACTS

The State charged Travis Tomczak with attempting to elude a police vehicle, obstructing a law enforcement officer, and driving with a suspended license.

At trial, Tomczak proposed a jury instruction that modified the Washington pattern jury instruction defining "knowledge." 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 10.02, at 222 (4th ed. 2016) (WPIC). The court declined to give Tomczak's instruction. Instead, it gave the State's proposed instruction defining knowledge.

The jury found Tomczak guilty as charged.

Tomczak appeals.

DISCUSSION

Tomczak argues that the trial court erred in giving jury instruction seven, defining "knowledge," and should have instead given his proposed instruction defining the same. Tomczak objected to the instruction at trial. He argues that the jury instructions violated his due process rights. Specifically, he argues that the knowledge instruction relieved the State of its burden to prove actual knowledge and instead allowed the State to prove only constructive knowledge.

Jury instructions are sufficient if they allow counsel to argue their theory of the case, are not misleading, and when read as a whole properly inform the trier of fact of the applicable law. Keller v. City of Spokane, 146 Wn.2d 237, 249, 44 P.3d 845 (2002). We review a challenged jury instruction de novo evaluating it in the context of the instructions as a whole. State v. Pirtle, 127 Wn.2d 628, 656, 904 P.2d 245 (1995). If an instruction correctly states the law, we review the trial court's decision to give the instruction for abuse of discretion. State v. Aguirre, 168 Wn.2d 350, 364, 229 P.3d 669 (2010).

In this case, the jury was instructed on the elements that must be proven beyond a reasonable doubt to convict Tomczak of attempting to elude a police vehicle:

> To convict the defendant of the crime of Attempting to Elude a Police Vehicle, as charged in Count 1, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about the 12th day of March, 2019, the defendant drove a motor vehicle;

(2) That the defendant was signaled to stop by a uniformed police officer by hand, voice, emergency light, or siren;

(3) That the signaling police officer's vehicle was equipped with lights and siren;

(4) That the defendant willfully failed or refused to immediately bring the vehicle to a stop after being signaled to stop;

(5) That while attempting to elude a pursuing police vehicle, the defendant drove his vehicle in a reckless manner; and

(6) That the acts occurred in the State of Washington.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if after weighing all the evidence you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

Another instruction defined "willfully": "A person acts willfully, as it pertains to Count 1, as to a particular fact when he or she acts knowingly as to that fact."

To assist with this definition, the jury was also provided with WPIC 10.02, defining "knowledge":

A person knows or acts knowingly or with knowledge with respect to a fact when he or she is aware of that fact. It is not necessary that the person know that the fact is defined by law as being unlawful or an element of a crime.

If a person has information that would lead a reasonable person in the same situation to believe that a fact exists, the jury is permitted but not required to find that he or she acted with knowledge of that fact.

3

Tomczak claims that the use of "reasonable person" language allows the jury to convict him based on constructive, rather than subjective knowledge.

WPIC 10.02 was upheld in the face of a similar challenge in State v. Leech, 114 Wn.2d 700, 710, 790 P.2d 160 (1990), abrogated on other grounds by In re Pers. Restraint of Andress, 147 Wn.2d 602, 56 P.3d 981 (2002). This instruction does not relieve the State of its burden to prove actual knowledge. See id. It merely permits but does not require the jury to find actual knowledge based on circumstantial evidence. Id. Such an inference is constitutionally permissible. Id.

WPIC 10.02 correctly states the law. The trial court did not abuse its discretion in choosing to give that instruction rather than Tomczak's modified instruction.

Nonetheless, we must remand for resentencing. In Blake, our Supreme Court recently held RCW 69.50.4013(1)—our state's controlled substance possession statute—unconstitutional. 481 P.3d at 534. The parties agree that Tomczak's offender score was calculated to include a conviction under that statute.

We affirm Tomczak's conviction but remand for resentencing in light of Blake.

_Appelwick, J._

WE CONCUR:

_Coburn, J._      _Dwyer, J._

4